IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:12CR29 |
| | § | |
| JAMES CECIL HOLLEY, JR. (1) | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
DENYING DEFENDANT'S MOTION TO SUPPRESS**

The Court held a hearing on Defendant's Motion to Suppress (With Warrant) - No. 3 (Dkt. 85) on May 20, 2014, the matter having been referred to the undersigned by the Honorable Richard A. Schell (*see* Dkt. 89). Having considered the motion, the response and the arguments of counsel at the hearing, the Court finds that the motion should be DENIED.

Defendant challenges the December 10, 2009 search of a house at 5831 McShann Road, Dallas, Texas which was discovered to be a marijuana grow house. Defendant argues that the warrant for the search of the house was issued without probable cause.

Probable cause is necessary to support the issuance of a valid search warrant. *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007). "Probable cause does not require proof beyond a reasonable doubt, but only a showing of the probability of criminal activity." *United States v. Daniel,* 982 F.2d 146, 151 (5th Cir. 1993). Rather, probable cause is determined through an examination of a totality of the circumstances. *U.S. v. Fields*, 456 F. 3d 519, 523 (5th Cir. 2006). Thus, in determining the validity of a search warrant, a court must "make a practical, common-sense

1

decision as to whether, given all the circumstances set forth in the affidavit ..., there is a fair probability that contraband or evidence of a crime will be found at a particular place." *United States v. Froman,* 355 F.3d 882, 889 (5th Cir. 2004) (citations omitted).

The Court finds that, based on a review of the record and the applicable governing authorities, the affidavit to search the house at 5831 McShann Road was valid. First, according to the affidavit, Defendant had been charged in the past for running a marijuana growing operation, a database indicated that at 5831 McShann Road, Dallas, Texas was listed (along with another nearby address) as a current address for Defendant, and, after surveillance over a six week period, no trash was placed outside the house for collection. According to the affiant "[t]his is a rarity for houses that are occupied" but that "often times nobody lives at houses used to grow marijuana, thus sharply decreasing the accumulation of trash." Dkt. 88-3. The affiant further states that the one trashbag that was retrieved from the alley directly behind the home contained marijuana and other materials used in the growing marijuana and mail addressed to the current resident of 5831 McShann Road.

The Court finds that the affidavit, given the totality of the circumstances, contains sufficient information to connect Defendant to the house and the trash bag to the house and the house and Defendant to drug activity. *U.S. v. Sibley*, 448 F.3d 754, 758 (5th Cir. 2006) (finding that there was sufficient information in an affidavit such that it was not unreasonable to believe there was probable cause to search an apartment where information in the affidavit linked the defendant to the apartment and to possession of marijuana and the apartment and its occupants to prior drug activity).

As to Defendant's challenge of a single trash run at forming probable cause, there is no magic number of "trash runs" to be conducted prior to the issuance of a search warrant. *See U.S. v. Hopkins*, 2000 WL 20986, 3 (N.D. Tex. 2000). Noting that there is no *per se* requirement that there be multiple searches of trash to establish probable cause, Judge Fitzwater of the Northern District of Texas noted:

> In some cases the paucity of evidence found in one trash seizure may in fact require more than that single garbage pickup before a warrant may be issued. In the present case, however, the contents of the trash were themselves a treasure trove and, coupled with the other grounds set out in the affidavit, amply established probable cause.

*Id.* (finding there was a sufficient basis for the state judge to find probable cause to issue the search and arrest warrant based on totality of circumstances, even though only a single trash run was conducted).

According to the face of the affidavit, the single trash uncovered various forms of materials, including a manual for hydroponic growing equipment and a receipt for the purchase of 47 buckets, tubing and other materials that, based on the affiant's experience, he knows are used to set up and grow marijuana. Moreover, the trash bag also contained recently-harvested but moldy marijuana not packaged for sale or personal use. The search warrant here was not based solely on the marijuana and other items found in this single bag of trash but Defendant's history – known to the affiant – of running marijuana growing operations in the past and observation of the home. The Court finds that, based on the totality of the circumstances, the affidavit set forth sufficient probable cause to search the house. *See, e.g., U.S. v. Sauls*, 192 Fed. Appx. 298, 299-300 (5th Cir. 2006) (finding that

3

affidavit reflecting investigation into utilities and cars at residence, criminal history of defendant and a search of garbage placed on the street containing mail and plastic baggies with drug residue, "*in its totality,* supported a good faith conclusion by an objectively reasonable officer that the affidavit on which the warrant was based was adequate to establish probable cause").

Finally, even if probable cause had been insufficient here – which the Court finds that it was not – the Court finds that law enforcement acted in good faith reliance on the search warrant when executing it. Under the good faith exception to the exclusionary rule, evidence is admissible if it is obtained by law enforcement officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate. *United States v. Leon*, 468 U.S. 897, 927-28 (1984). Nothing in the record and nothing presented to the Court to indicate that any of the information contained in the affidavit was deliberately false or misleading. There is no showing of bad faith by any law enforcement officer connected to this case. Therefore, the search will not be suppressed on that basis.

Finding that the affidavit was based on probable cause and executed in good faith, the Court recommends that Defendant's Motion to Suppress (With Warrant) - No. 3 (Dkt. 85) be DENIED.

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with

notice that such consequences will result from a failure to object. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

At the hearing, the parties agreed to shorten the time period to object to the finding and conclusions contained in this report. Given the current trial setting,[1] any objections shall be filed no later than **May 28, 2014 at 5 p.m.** and any responses shall be filed no later than **May 29, 2014 at 5 p.m.**

**SIGNED this 21st day of May, 2014.**

                                       _____
                                       DON D. BUSH
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the motion was filed approximately two weeks prior to trial, although the pretrial order generally requires that all pretrial motions be filed at least 30 days prior to jury selection. *See* Dkt. 30. For this reason, the Court sought the parties' agreement as to the shortened period.