# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:12CR29 |
| | § | |
| JAMES CECIL HOLLEY, JR. (1) | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT'S MOTIONS TO SUPPRESS

The Court held a hearing on Defendant's Motion to Suppress (With Warrant) - No. 1 (Dkt. 69) and Defendant's Motion to Suppress (With Warrant) - No. 2 (Dkt. 71) on May 20, 2014, the matters having been referred to the undersigned by the Honorable Richard A. Schell (*see* Dkt. 76). Having considered the motions, the response and the arguments of counsel at the hearing, the Court finds that the motions should be DENIED.

Defendant seeks to suppress all evidence resulting from the search of the residence and arrest of Defendant occurring on or about April 7, 2008 at 6203 Gray Wolf Trail, Dallas, Texas and later on or about April 8, 2008 at 6755 Winterwood Lane, Dallas, Texas.

The record fully sets forth the factual background of the case, and the facts are not in dispute. According to the affiant, he received information from a confidential informant, known to the affiant, that Defendant was a large volume marijuana dealer and the affiant identified Defendant's address at 6203 Gray Wolf Trail – an address in the neighborhood identified by the informant as the neighborhood of Defendant's residence. The affiant observed a car registered to Defendant outside the address, and, on another date, observed Defendant enter the home at 6203 Gray Wolf Trail. On

1

March 25, 2008, the affiant and his canine partner, Bosko, conducted a free-air sniff of Defendant's garage door and Bosko alerted to the presence of drugs. On April 7, 2008, the affiant and his partner returned to the garage door and Bosko again alerted. According to the affiant, on this date he could also smell marijuana emitting from the garage. Based on these facts, a state magistrate issued a search warrant for Gray Wolf Trail. After the search warrant of the Gray Wolf Trail house was executed – and based on materials seized during that search – law enforcement obtained a warrant to search the home at Winterwood Lane as a suspected marijuana grow house. Defendant argues that the search on the home at Gray Wolf Trail was conducted without probable cause and in violation of the Fourth Amendment. Specifically, Defendant challenges the dog sniffs of the garage attached to the home at Gray Wolf Trail, in which a police dog, Bosko, alerted to the presence of illegal drugs. Bosko's positive alerts were made part of the search warrant affidavit. Defendant argues that the dog sniffs at the garage door were illegal searches and thus there was no probable cause for the issuance of the warrant to search Gray Wolf Trail and resulting warrant to search Winterwood Lane.

Probable cause is necessary to support the issuance of a valid search warrant. *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007). "Probable cause does not require proof beyond a reasonable doubt, but only a showing of the probability of criminal activity." *United States v. Daniel,* 982 F.2d 146, 151 (5th Cir. 1993). Rather, probable cause is determined through an examination of a totality of the circumstances. *U.S. v. Fields*, 456 F. 3d 519, 523 (5th Cir. 2006). Thus, in determining the validity of a search warrant, a court must "make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit ..., there is a fair

probability that contraband or evidence of a crime will be found at a particular place." *United States v. Froman,* 355 F.3d 882, 889 (5th Cir. 2004) (citations omitted).

Even if probable cause is insufficient, the good faith exception to the exclusionary rule will apply if officers acted in good faith reliance on the search warrant when executing it. Under the good faith exception to the exclusionary rule, evidence is admissible if it is obtained by law enforcement officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate. *United States v. Leon*, 468 U.S. 897, 927-28 (1984).

In this case, the Court finds that the good faith exception applies to the execution of the Gray Wolf Trail warrant and the subsequent Winterwood Lane warrant. Thus, the Court need not reach the probable cause inquiry – although the Court notes that without the two dog sniffs, the affidavit would likely not state sufficient facts to form probable cause. At the very least, the probable cause determination would be a close call.

"[T]he good-faith exception also applies to a search that was legal at the time it was conducted but has been rendered illegal by an intervening change in the law." *U.S. v. Curtis*, 635 F.3d 704, 713-14 (5th Cir. 2011). Although the Supreme Court's 2013 opinion in *Florida v. Jardines*, 133 S.Ct. 1409 (2013) makes clear that a dog sniff on a defendant's home (or the curtilage thereof) is an illegal search within the Fourth Amendment, the sniffs and warrant at issue here occurred in 2008. As has been held in this District, before *Jardines* "the existing law in the Fifth Circuit held that a canine alert is sufficient to establish probable cause." *United States v. Nguyen*, 2013 WL 5488719, 4 (E.D. Tex. 2013) (citing *United States v. Tarazon–Silva,* 166 F.3d 341, 1998 WL 912178, at 1 (5th Cir. 1998) ("The dog-sniff of the outer edge of the garage and the dryer vent

on the exterior wall of the house did not occur on protected curtilage; Tarazon had no reasonable expectation of privacy in those areas."); *United States v. Williams,* 69 F.3d 27, 28 (5th Cir. 1995) (positive dog alert creates probable cause to search vehicle); *Horton v. Goose Creek Indep. Sch. Dist.,* 690 F.2d 470, 476 (5th Cir. 1982) ( "[T]he majority view is that the sniffing of objects by a dog is not a search.")). *See also Jones v. U.S.*, __ F. Supp. __, 2104 WL 1493482, 8 -9 (W.D. Tex. 2014) ("District courts within the Fifth Circuit addressing the issue of dog sniffs of buildings and residences pre-*Jardines* consistently found these sniffs not to be searches.").

Defendant appears to argue that the because the affiant was a state officer and not a federal task force officer, Fifth Circuit precedent is not determinative. Texas courts have also found that, pre-*Jardines*, "sniffs of the garage door and the backyard fence were not searches under the Fourth Amendment or the Texas constitution." *Romo v. State*, 315 S.W.3d 565, 572 -573 (Tex. App. – Fort Worth 2010, pet ref'd). Although the *Romo* opinion was issued after the search at issue here, it cites a line of pre-2008 precedent to support its findings. *See id.* (citing *Rodriguez v. State,* 106 S.W.3d 224, 228-229 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd), *cert. denied,* 540 U.S. 1189, 124 S. Ct. 1432, 158 L. Ed.2d 98 (2004) (holding that appellant did not have a reasonable expectation of privacy outside his home where the drug dog sniffed because the front door area was not enclosed, it was used as a main entrance to the house, and it was not protected from observation by passersby); *Smith v. State,* 2004 WL 213395, at *3 (Tex. App.– Houston [1st Dist.] 2004, pet. ref'd) (holding that appellant's privacy interests under the U.S. and Texas Constitutions were not invaded when officer walked up appellant's driveway to allow drug dog to sniff appellant's garage door), *cert. denied,* 544 U.S. 961, 125 S. Ct. 1726, 161 L. Ed.2d 602 (2005); *Porter v. State,* 93 S.W.3d 342,

346–47 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd) (holding same)).[1]

"Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule." *Davis v. United States*, 131 S.Ct. 2419, 2429 (2011). Given the pre-*Jardines* precedent in both state and federal cases finding that canine sniff searches and alerts were not searches within the meaning of the Fourth Amendment, the Court finds that, in this case, the officers reasonably relied on existing precedent. Bosko's sniff searches on Gray Wolf Trail were a permissible method of gathering information about the suspected drug activity and were sufficient to establish a finding of probable cause in 2008. The Court finds the good-faith exception applies.

The Court further finds that, given the application of the good-faith exception, there are also no grounds to suppress the resulting evidence discovered as a result of the warrant issued for Winterwood Lane.[2]

The Court thus recommends that Defendant's Motion to Suppress (With Warrant) - No. 1 (Dkt. 69) and Defendant's Motion to Suppress (With Warrant) - No. 2 (Dkt. 71) be DENIED.

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall

---

[1] The Court notes that neither the *Bower* or *Kann* cases relied upon heavily by Defendant pertain specifically to the legality of dog sniffs. *See Bower v. State*, 769 S.W.2d 887, 896 (Tex. Crim. App. 1989), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681 (Tex. Crim. App.1991); *Kann v. State*, 694 S.W.2d 156, 160-61 (Tex. App.– Dallas 1985, pet. ref'd).

[2] Although filed as two separate motions, Defendant has not articulated any other grounds to suppress the evidence seized at Winterwood Lane, other than to argue it was only discovered as a result of the execution of the first unlawfully issued warrant.

bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

At the hearing, the parties agreed to shorten the time period to object to the finding and conclusions contained in this report.[3] Given the current trial setting, any objections shall be filed no later than **May 28, 2014 at 5 p.m.** and any responses shall be filed no later than **May 29, 2014 at 5 p.m.**

**SIGNED this 21st day of May, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[3] A hearing on Defendant's motions was originally set for May 15, 2014, but was continued based on a motion by Defendant. This continuance necessitated the shortening of the objection period to accommodate the current trial setting.